

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE ESTATE OF KIM BOCHNIARZ, BY
MICHAEL J. BOCHNIARZ, EXECUTOR,

              Plaintiff,

        v.

PRUDENTIAL INSURANCE COMPANY OF
AMERICA,

              Defendant.

**DECISION AND ORDER**

1:11-cv-0867 EAW

## INTRODUCTION

Plaintiff the Estate of Kim Bochniarz ("Plaintiff") brings this action against Defendant Prudential Insurance Company of America ("Defendant") pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Plaintiff seeks payment of long term disability benefits and declaratory relief that decedent Kim Bochniarz ("Bochniarz") was entitled to a premium waiver for group life insurance coverage. (Dkt. 24).

This case was initially assigned to the Hon. Richard J. Arcara, United States District Judge. On April 11, 2012, Judge Arcara entered an order referring this matter to the Hon. Leslie G. Foschio, United States Magistrate Judge, for hearing and disposition of all non-dispositive motions or applications, supervision of discovery, and to hear and report upon dispositive motions. (Dkt. 16).

Plaintiff filed a motion for partial summary judgment on February 25, 2014. (Dkt. 49). Defendant filed a motion for summary judgment that same day. (Dkt. 51). Opposing papers were filed on April 14, 2014 (Dkt. 57, 58), and replies were filed on May 5, 2014 (Dkt. 59, 60). On June 22, 2015, Judge Foschio issued a Report and Recommendation in which he recommended that Plaintiff's motion for partial summary judgment be granted and that Defendant's motion for partial summary judgment be denied in part and granted in part. (Dkt. 63).

On August 7, 2015, Defendant filed objections to the Report and Recommendation. (Dkt. 66). Defendant argues that the Court should reject Judge Foschio's recommendation that the appropriate standard of review is *de novo* and that the Court should, under any standard of review, uphold Defendant's determination that Bochniarz was not disabled as defined in the long term disability coverage plan.

For the reasons set forth below, the Court adopts the Report and Recommendation in its entirety.

## BACKGROUND

The factual and procedural background of this case is set forth in detail in the Report and Recommendation. (*See* Dkt. 63 at 2-28). Familiarity with the Report and Recommendation is assumed for purposes of this Decision and Order.

# DISCUSSION

## I.   Legal Standard

"Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made." *Crowe v. Leroy Cent. Sch. Dist.*, 949 F. Supp. 2d 435, 438 (W.D.N.Y. 2013). The Court reviews findings to which no objections have been made for clear error. *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 384 (W.D.N.Y. 2012).

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").  The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he

nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec.*, 475 U.S. at 586-87) (emphasis in original). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

## II.    Standard of Review for ERISA Benefits Determinations

"[A] denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where the benefit plan gives the administrator discretionary authority to construe the terms of the plan, "denials may be overturned as arbitrary and capricious only if the decision is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir. 2002) (quotation omitted); *see also Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995) ("[W]e are not free to substitute our own judgment for that of the [plan administrator] as if we were considering the issue of eligibility anew.").

Here, the parties disagree as to whether the Sunbelt Beverage Company, LLC Long Term Disability Coverage Plan (the "LTD Plan" or "Plan") gave Defendant, as the

plan administrator, discretionary authority to determine when a covered individual was disabled.   As set forth in the Report and Recommendation, the only document that contains language concerning discretionary authority is the Summary Plan Description (the "SPD").   (Dkt. 63 at 34-37).   The documents comprising the Plan (including the Plan Contract and the Group Insurance Certificate) are silent on this point and, therefore, revert to the default *de novo* standard of review.

Defendant argues that the Report and Recommendation erroneously relied on the Supreme Court's decision in *CIGNA Corp. v. Amara*, 131 S.Ct. 1866 (2011), in concluding that the *de novo* standard of review applies in this case.   (Dkt. 66 at 15-23). Defendant maintains no conflict exists between the SPD and the Plan documents and that the SPD is in fact properly considered an integrated part of the Plan.   (*Id.*).   Defendant's arguments are without merit.

As a threshold matter, a review of the Plan documents make it plain that the SPD's terms are not terms of the Plan.   The Plan Contract identifies the specific documents that comprise the Group Contract, and the SPD is not one of these documents.   (Dkt. 54-2 at 7).   Moreover, the SPD itself states that it is not part of the Group Insurance Certificate and has been included in the booklet provided to employees only because of a request by the employer.   (Dkt. 54-1 at 42).   The cases relied upon by Defendant in which an SPD was held to constitute the plan because there were no formal plan documents separate and apart from the SPD (*see* Dkt. 66 at 23) are therefore inapposite.

Moreover, both pre- and post-*Amara*, numerous federal Courts of Appeals confronted with factual scenarios similar to the one before this Court have concluded that where the Plan is silent as to the standard of review and the SPD attempts to grant discretionary authority, a conflict exists and the terms of the Plan control. *See, e.g., Prichard v. Metro. Life Ins. Co.*, 783 F.3d 1166, 1171 (9th Cir. 2015) ("Although the SPD in this case does indicate that MetLife has discretionary authority, the Supreme Court has made clear that statements made in SPDs 'do not themselves constitute the terms of the plan.' *Amara*, 131 S.Ct. at 1878. Because the official insurance certificate contains no discretion-granting terms, we will not, consistent with Amara, hold that the SPD's grant of discretion constitutes an additional term of the Plan."); *Jobe v. Med. Life Ins. Co.*, 598 F.3d 478, 483 (8th Cir. 2010) ("The policy does not provide discretion, while the summary does. Thus, the two documents conflict. . . .  To hold that the summary plan description nonetheless granted the administrator discretion in this case would be to endorse the practice of issuing ERISA policies that are silent on key provisions and later issuing summary plan descriptions filling the gaps with terms favoring the employer."); *Sperandeo v. Lorillard Tobacco Co.*, 460 F.3d 866, 871 (7th Cir. 2006) ("a plan administrator cannot rely on extra-plan documents to expand its discretion when the plan itself bestows no such discretion"); *Schwartz v. Prudential Ins. Co. of Am.*, 450 F.3d 697, 700 (7th Cir. 2006) (noting that an SPD is "not an unnegotiated enlargement of the administrator's authority"); *Shaw v. Connecticut Gen. Life Ins. Co.*,

353 F.3d 1276, 1283 (11th Cir. 2003) (SPD cannot circumvent the amendment procedures set forth in the Plan and alter the Plan's material terms).

Indeed, although Defendant disappointingly elected not to disclose the decision, the Court's own independent research has revealed that at least one other court in this Circuit has expressly rejected the arguments upon which Defendant now relies.   In *Hamill v. Prudential Ins. Co. of America*, No. 11-cv-1464 (SLT)(CLP), 2013 WL 27548 (E.D.N.Y. Jan. 2, 2013), Defendant, represented by its current counsel, argued that the SPD and the formal plan documents were not in conflict and that the language in the SPD properly conferred discretion. *Id.* at 3-4.   The court rejected that argument, holding that a conflict existed between the SPD and the formal plan documents and that, pursuant to *Amara*, the plan documents controlled. *Id.*

It is Defendant's burden to show that it has been granted discretionary authority by the Plan.   *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir. 1999).   For the reasons discussed above and in the Report and Recommendation, Defendant has failed to meet this burden.   The Court therefore grants Plaintiff's motion for partial summary judgment and holds that the appropriate standard of review in this case is *de novo*.

## III.   Defendant's Remaining Objections

The Court has considered Defendant's remaining objections (including that the Magistrate Judge improperly assumed the role of substitute plan administrator and that

the Magistrate Judge conducted his own analysis of the surveillance evidence) and finds that they are without merit.   Upon its *de novo* review, the Court agrees with the reasoning set forth in the very thorough Report and Recommendation, and the Court therefore adopts the Report and Recommendation.   Defendant's motion for summary judgment is denied except as to Plaintiff's claim that Defendant improperly offset Bochniarz's long term disability benefits by the amount she received as social security disability benefits.

## CONCLUSION

For the reasons discussed above, the Court adopts the Report and Recommendation (Dkt. 63) in its entirety.   Plaintiff's motion for partial summary judgment (Dkt. 49) is granted and Defendant's motion for summary judgment (Dkt. 51) is granted in part and denied in part, as set forth above.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:        December 10, 2015
              Rochester, New York